UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YOLANDA DAWSON,<br><br>   *Plaintiff*,<br><br>v.<br><br>SECURITY SERVICES OF CONNECTICUT, INC.,<br><br>   *Defendant*. | No. 3:20-cv-1310-SVN |

**RULING AND ORDER**

On August 19, 2020, Plaintiff Yolanda Dawson commenced an action in Connecticut Superior Court against Defendant Security Services of Connecticut, Inc. *See* ECF No. 1-1. Plaintiff's Complaint is comprised of three counts alleging violations of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; and Title VII of the Civil Rights Act of 1964, as amended. *Id.* Specifically, the Complaint alleges that Defendant discriminated against Plaintiff on the basis of both her disability and her religion, and that Defendant failed to provide Plaintiff with reasonable accommodations when Plaintiff was employed by Defendant. *Id.* On September 3, 2020, Defendant timely removed this action to the U.S. District Court for the District of Connecticut. *See* ECF No. 1.

In the present motion, Defendant moves for preclusion of an expert witness noticed by Plaintiff, Dr. Orett Brown, based on Plaintiff's failure to comply with various requirements of Federal Rule of Civil Procedure 26(a)(2). For the reasons set forth below, Defendant's Motion to Preclude Dr. Brown's testimony in full is denied. However, the Court agrees with Defendant that Plaintiff's expert witness disclosure fails to comply with both Rule 26(a)(2)(C) and Rule

26(a)(2)(D). Thus, Dr. Brown will be prohibited from testifying about opinions outside the course of his treatment of Plaintiff and beyond the reasonable reading of Plaintiff's medical records.

In addition, discovery shall be reopened to allow Defendant to depose Dr. Brown. Upon the close of discovery, Defendant will have the opportunity to file a revised motion for summary judgment. Accordingly, the deadline for filing a response to Defendant's pending Motion for Summary Judgment (ECF No. 36) is suspended. Further details concerning the deadlines in the case are set forth below.

## I.     FACTUAL BACKGROUND

On October 19, 2020, the Court entered a Scheduling Order, which sets forth various deadlines governing pre-trial matters in this case. ECF No. 16. The Scheduling Order provided that the parties' expert reports on any issues on which they bear the burden of proof were due June 30, 2021, and that depositions of such experts were to be completed by July 30, 2021. *Id.* at 1. On August 31, 2021, Plaintiff filed an expert witness disclosure with respect to her treating physician, Orett Brown, M.D. ECF No. 32.

On September 2, 2021, Defendant filed a Motion to Preclude Plaintiff's Designated Expert on the grounds that Plaintiff's expert witness disclosure was untimely and failed to comply with Federal Rule of Civil Procedure 26(a)(2). *See* ECF No. 27 at 1. On September 23, 2021, Plaintiff filed an Objection to Defendant's Motion to Preclude, asserting: that the failure to timely disclose Dr. Brown was the result of "mistake, inadvertence, or excusable neglect"[1]; that the untimely disclosure does not prejudice Defendant because Dr. Brown was identified in Plaintiff's January 20, 2021, initial disclosures as a person who had knowledge of the facts of the claims and defenses

---

[1] Plaintiff has not proffered any facts that would support a finding of "excusable neglect." Instead, Plaintiff's counsel states, "I simply did not realize [the expert disclosure] had not been served and it had inadvertently not been calendared." ECF No. 30-2 at 1.

in the case; and that no trial date has been set, so a continuance, though unnecessary, could be considered.  ECF No. 30; *see also* ECF No. 30-1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) pertains to the disclosure of expert testimony. Rule 26(a)(2)(A) requires each party to disclose to the other parties the identity of any expert witness it may use at trial.  Rule 26(a)(2)(B) provides that, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the expert witness disclosure "must be accompanied by a written report."  Rule 26(a)(2)(B) provides specific requirements for the contents of such a written report.  Rule 26(a)(2)(C) further provides that, if a written report is not required, the disclosure required under Rule 26(a)(2)(A) must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 704; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Finally, Rule 26(a)(2)(D) provides default deadlines for expert disclosures absent a court order.

Rule 26 applies to "a treating physician who will present an expert opinion."  *McAfee v. Naqvi*, No. 3:14-cv-410 (VAB), 2017 WL 3184171, at *3 (D. Conn. July 26, 2017).  "The party seeking to use the treating physician does not, however, need to provide a written expert report under Rule 26(a)(2)(B) because treating physicians are not 'retained or specially employed to provide expert testimony in the case.'" *Barack v. Am. Honda Motor Co.*, 293 F.R.D. 106, 108 (D. Conn. 2013).  Still, Rule 26(a)(2)(C) requires that "[e]ven when a treating physician properly proceeds without a Rule 26(a)(2)(B) report, [the party] nonetheless must produce and disclose 'the subject matter on which [the physician] is expected to present evidence' and 'a summary of the facts and opinions to which [the physician] is expected to testify.'"  *Benn v. Metro-North Commuter R.R. Co.*, No. 3:18-cv-737 (CSH), 2019 WL 6467348, at *5 (D. Conn. Dec. 2, 2019).

"While the requirements for summary disclosures by treating physicians are thus more lenient, the summary disclosures must provide 'sufficient detail to permit defendants to prepare their defense.'" *Id.* "A treating physician who has not complied with the reporting requirement of Rule 26(a)(2) should . . . 'not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records.'" *McAfee*, 2017 WL 3184171, at *4.

### III.   DISCUSSION

A.   <u>Plaintiff's Failure to Comply with Rule 26(a)(2)</u>

As discussed above, a treating physician like Dr. Brown is considered an expert witness for purposes of Rule 26(a)(2). For the reasons below, Plaintiff's expert disclosure with respect to Dr. Brown is both untimely under Rule 26(a)(2)(D) and deficient under Rule 26(a)(2)(C).

First, Rule 26(a)(2)(D) requires that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). According to the Scheduling Order, Plaintiff's expert disclosures were due June 30, 2021. ECF No. 16 at 1. Yet, Plaintiff did not provide the expert disclosure regarding Dr. Brown until August 31, 2021. *See* ECF No. 32 at 1. Thus, Plaintiff's expert disclosure is untimely, and Plaintiff has failed to comply with Rule 26(a)(2)(D). Plaintiff's argument that she provided notice to Defendant in her January 2021, initial disclosures of the "identity and the nature of the witness" is unpersuasive. The initial disclosures stated only that Dr. Brown and another medical professional were "knowledgeable about plaintiff's thyroid disease," but did not in any way signal that Plaintiff would seek to introduce expert testimony from Dr. Brown. *See* ECF No. 30-3 at 4.

Second, Plaintiff's belated expert disclosure fails to comply with the requirements of Rule 26(a)(2)(C). In the expert disclosure, Plaintiff does little more than state that Dr. Brown will "testify regarding his diagnosis, treatment and examination of the plaintiff," including "the

4

management of her thyroid disease . . . and neurologic symptoms as a result of medications she was on" from 2016 to 2020. ECF No. 32 at 1. In describing the "Substance of Facts and Opinions" of Dr. Brown, Plaintiff states only: "It is anticipated that Dr. Brown will testify consistently with his letter of March 11, 2020 which has already been produced and is attached. Specifically, that she had neurological symptoms as a result of the medications she was on in 2018." *Id.* at 2. The March 11, 2020, letter from Dr. Brown provides little substantive context, and no meaningful preview of Dr. Brown's expert opinions, beyond the inadequate information in the expert disclosure itself. *See id.* at 2, 4. By offering "mere generalities," Plaintiff fails to help Defendant understand what Dr. Brown "will offer specifically on the subject matter for which [he was] disclosed, in terms of facts and medical opinions." *See McAfee*, 2017 WL 3184171, at *5-6. Accordingly, Plaintiff has failed to "provide 'sufficient detail to permit [Defendant] to prepare [its] defense.'" *See Benn*, 2019 WL 6467348, at *5. Thus, Plaintiff's expert disclosure fails to comply with Rule 26(a)(2)(C).

In sum, Plaintiff has failed to comply with Rule 26(a)(2). Dr. Brown will therefore be prohibited from testifying about "opinions outside the course of treatment" of Plaintiff and "beyond the reasonable reading of [Plaintiff's] medical records." *See McAfee*, 2017 WL 3184171, at *4.

B. <u>Applicability of Sanctions Pursuant to Rule 37(c)</u>

When a party has failed to comply with Rule 26(a), the Court has discretion to "consider all of the available sanctions under Rule 37(c)(1) as an exercise of its broad discretion." *Barack*, 293 F.R.D. at 111. Such sanctions include assessing fees and costs to the party, or counsel for the party, that failed to comply. Fed. R. Civ. P. 37(c)(1)(A); *see Reyes v. Receivables Performance Mgmt., LLC*, 3:19-CV-01207 (KAD), 2021 WL 930000, at *4 (D. Conn. Mar. 11, 2021) (ordering

plaintiff to bear the costs incurred in connection with deposing an expert "in an effort to diminish the harm and prejudice caused by Plaintiff's late disclosure and pursuant to Fed. R. Civ. P. 37(c)(1)(A)"); *Dichiara v. Wright*, No. 06 CV 6123(KAM)(LB), 2009 WL 1910972 (E.D.N.Y. June 30, 2009) (requiring plaintiff's counsel to pay costs of deposing expert that plaintiff failed to timely disclose).

A court may also preclude the expert's testimony. *See Benn*, 2019 WL 6467348, at *3. However, "preclusion is 'a drastic remedy' that is 'generally disfavored,'" and "it is within the district court's discretion whether to preclude the improperly disclosed information or 'impose other appropriate sanctions' instead." *Id.* For example, "a court may consider reopening discovery in a manner that 'would remedy the prejudice' suffered by the party seeking preclusion 'without incurring excessive additional costs.'" *Id.* at *7. The four factors considered by courts in the Second Circuit when deciding whether preclusion pursuant to Rule 37(c) is an appropriate sanction for failure to comply with discovery obligations are: "(1) the party's explanation for the failure to comply; (2) the importance of the evidence that would be precluded; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* at *8.

Here, the Court finds that the extreme sanction of preclusion is unwarranted. While Plaintiff's counsel does not provide a compelling explanation for its failure to comply with Rule 26(a)(2), Dr. Brown, as Plaintiff's treating physician, is likely an important source of evidence in this case. Moreover, remedies are available that would minimize the prejudice suffered by Defendant as a result of having to prepare to meet new testimony from Dr. Brown. Such remedies include reopening discovery and granting Defendant leave to amend its summary judgment motion. Finally, there would be no need for a continuance because the Court has not yet set a trial

date. Thus, while Dr. Brown's testimony will be limited as set forth above, the Court does not find that his testimony should be precluded altogether.

C. Appropriateness of Reopening Discovery

As discussed above, a possible remedy for Plaintiff's belated expert witness disclosure is the reopening of discovery. Although the Court will not preclude Dr. Brown from testifying, the Court finds that there is good cause to reopen discovery to allow Defendant to receive any relevant medical records not already received from Dr. Brown and to depose him.

"A trial court enjoys 'wide discretion' in its handling of pre-trial discovery and deciding whether to reopen it." *Benn*, 2019 WL 6467348, at *10. "In deciding whether to reopen discovery, courts consider whether good cause exists." *Id.* "To determine whether good cause to reopen discovery exists, the courts in the Second Circuit generally consider the following six factors: '(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.'" *Id.*

The first factor, regarding the imminency of trial, weighs in favor of reopening discovery. As noted, the Court has not yet set a trial date. Thus, trial is not imminent.

The second factor, regarding whether the request is opposed, weighs in favor of reopening discovery. In support of her Objection to Defendant's Motion to Preclude, Plaintiff states that Dr. Brown "may be depos[ed] prior to trial as no trial date has been set" and that "[t]his should not necessitate any continuances." ECF No. 30-1 at 3. The Court interprets this as a lack of objection by Plaintiff to reopening discovery for the limited purpose of Defendant deposing Dr. Brown. The

Court further assumes that, given its ruling that Plaintiff will not be precluded from offering Dr. Brown's testimony under the limitations discussed above, Defendant would not oppose reopening discovery for this purpose. Because discovery closed October 31, 2021, the only practical way to provide Defendant the opportunity to depose Dr. Brown prior to trial is to reopen discovery. Thus, the second factor weighs in favor of reopening discovery.

The third factor, regarding whether the non-moving party would be prejudiced, does not weigh heavily against reopening discovery. While neither party has formally moved to reopen discovery, the Court will treat Defendant as the "moving party" and Plaintiff as the "non-moving party" for purposes of this analysis. *See* ECF No. 27 at 3 (noting that, "if the Court considers the possibility of a continuance, Defendant would ask that the continuance apply to the discovery deadline"). Plaintiff herself suggested that Dr. Brown "is an important witness that may be deposed prior to trial." ECF No. 30-1 at 3. Thus, Plaintiff can hardly claim to be prejudiced by reopening discovery to allow Defendant to depose Plaintiff's witness.

The fourth factor, regarding whether the moving party was diligent in obtaining discovery, weighs in favor of reopening discovery because Defendant has been diligent. "[D]iligence[] is given considerable consideration when determining whether good cause exists [to reopen discovery]." *Benn*, 2019 WL 6467348, at *10. For example, reopening discovery is disfavored where a moving party "had ample opportunity to support their claims with expert testimony," but "failed to exercise diligence in obtaining discovery within the parameters established by this Court." *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011). The record in this case does not suggest that Defendant has failed to act with diligence in obtaining discovery within the guidelines set by the Court. Rather, after Plaintiff filed her expert disclosure regarding Dr. Brown on August 31, 2021, *see* ECF No. 32, Defendant moved with alacrity to file its Motion to Preclude

on September 2, 2021, *see* ECF No. 27. *Cf. Spencer v. Int'l Shoppes, Inc.*, No. CV 06–2637(AKT), 2011 WL 3625582, at *3 (E.D.N.Y. Aug. 16, 2011) (finding that party "was diligent in seeking ... discovery" where the party sought to reopen discovery within two weeks after the need for the requested discovery became apparent). Thus, the fourth factor favors reopening discovery.

The fifth factor, regarding the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, weighs in favor of reopening discovery as well. The Court cannot conclude that Defendant should have foreseen the need to depose Dr. Brown. Plaintiff asserts that Dr. Brown was identified in Plaintiff's initial disclosures and that Dr. Brown's report was produced as part of Plaintiff's initial disclosures and in response to requests for production. ECF No. 30-1 at 3. However, Plaintiff did not disclose Dr. Brown *as an expert* until August 31, 2021, approximately two months after the expert disclosure was due and one month after the deadline for deposing Dr. Brown had passed. Thus, it was not clear that Defendant would have needed to depose Dr. Brown until after the deadline for doing so had passed. *Cf. Bakalar*, 851 F. Supp. 2d at 494 (declining to reopen discovery where need for requested discovery "should . . . have been obvious well before [the close of fact discovery]"). Accordingly, the fifth factor, whether the need for additional discovery was foreseeable, weighs in favor of reopening discovery.

Finally, the sixth factor, regarding the likelihood that the discovery will lead to relevant evidence, also weighs in favor of reopening discovery. It is highly likely that deposing Dr. Brown, Plaintiff's treating physician, will lead to the discovery of relevant evidence. *See Roberites v. Huff*, No. 11–CV–521S, 2015 WL 7018556, at *1-2 (W.D.N.Y. Nov. 12, 2015) (reopening discovery to "allow for the deposition of one of plaintiff's treating physicians," citing the "the importance of the information that will be obtained"); *see also* ECF No. 30-1 at 3, 4 (asserting that Dr. Brown is an "important" witness to this case). Given the likelihood that Dr. Brown's deposition will lead

to relevant evidence, it would be unfair for Defendant to be unable to depose him simply because Plaintiff's disclosure was untimely. Therefore, the sixth factor weighs in favor of reopening discovery.

Accordingly, after consideration of the relevant factors, the Court concludes that discovery should be reopened. Discovery will be reopened for a period of 45 days to allow Defendant an opportunity to obtain all relevant medical records in Dr. Brown's custody or control and to depose Dr. Brown.

## IV. CONCLUSION

Defendant's Motion to Preclude Plaintiff's Designated Expert is **DENIED**. However, the Court hereby orders that Dr. Orett Brown will be prohibited from testifying about opinions outside the course of his treatment of Plaintiff and beyond the reasonable reading of Plaintiff's medical records.

Moreover, discovery is hereby reopened for a period of 45 days commencing the date of this Order and ending **March 10, 2022**, for the limited purpose of ensuring Defendant has obtained all relevant medical records in the custody or control of Dr. Brown and deposing Dr. Brown about his treatment of Plaintiff. Plaintiff shall make Dr. Brown available for a deposition during these 45 days. If Plaintiff fails to do so, Dr. Brown's testimony will be precluded.[2]

Because of the extension of the discovery period, the current deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment (ECF No. 36), currently January 28, 2022, is hereby suspended. Upon the close of discovery on March 10, 2022, Defendant shall have until **March 24, 2022**, to file a revised motion for summary judgment, incorporating any new

---

[2] Should Defendant determine that an additional deposition of Plaintiff is necessary after deposing Dr. Brown, Defendant may file a motion requesting permission to do so. Any such motion should be filed within 3 days of the deposition of Dr. Brown.

information learned from Dr. Brown.  In light of the significant continuances already granted to Plaintiff to respond to Defendant's summary judgment motion, Plaintiff shall be given only 14 days to respond to any amended summary judgment motion filed by Defendant.  Thus, any response to Defendant's amended motion for summary judgment, should one be filed, will be due by **April 7, 2022**, at the latest.  If Defendant files an amended motion for summary judgment prior to March 24, 2022, then any response to Defendant's amended motion will be due 14 days from the date Defendant files its amended motion.  Additionally, if, at the close of discovery, Defendant decides not to file an amended motion for summary judgment, then Defendant shall file a notice indicating this decision with the Court.  If Defendant files such a notice, then any response to Defendant's pending Motion for Summary Judgment (ECF No. 36) will be due 14 days from the date Defendant files the notice.

If Defendant wishes to seek reimbursement for the reasonable expenses, including attorney's fees, caused by Plaintiff's failure to comply with Rule 26(a)(2), Defendant may do so by filing a motion for sanctions pursuant to Rule 37(c)(1)(A).

SO ORDERED at Hartford, Connecticut, this 24th day of January, 2022.

                                                      /s/
                                                  Sarala V. Nagala
                                                  United States District Judge